IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:11cv511

| | |
|---|---|
| HASSIE-DEMOND NOWLIN,<br><br>    Plaintiff,<br><br>vs.<br><br>AVIS BUDGET GROUP,<br><br>    Defendant. | **MEMORANDUM IN SUPPORT OF<br>DEFENDANT AVIS BUDGET<br>GROUP'S MOTION TO DISMISS** |

Pursuant to Local Civil Rule 7.2(a), MDNC, Defendant Avis Budget Group, Inc. submits this Memorandum in Support of its Motion to Dismiss. Defendant Avis Budget Group, Inc. asserts that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I. Statement of Facts**

Plaintiff Nowlin has brought this action against Defendant Avis Budget Group, Inc. as a result of alleged damages he has suffered as a result of Defendant obtaining a credit report from Equifax, a credit reporting agency. Plaintiff claims that his credit score was reduced due to Defendant's request for a credit report and has brought a claim for damages for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*. Plaintiff has alleged that Defendant is a furnisher of credit information under U.S.C. § 1681s-2, but has failed to allege that Defendant is a user of credit information or that Defendant falls within the category of a Consumer Reporting Agency. Plaintiff has not alleged that Defendant obtained his credit report without a permissible purpose, that Defendant disseminated Plaintiff's credit to anyone under false pretenses, that Defendant failed to provide him with the source of the derogatory credit

information and his right to contest it, or that Defendant used that information for an improper purpose.

## II. Argument

### a. Plaintiff Has Failed to Allege Sufficient Facts

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a suit to be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89 (2007). Nonetheless, the court "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006).

#### i. Alleged Impermissible purpose

Plaintiff's conclusion that Defendant obtained his credit score without a permissible purpose is an unreasonable conclusion as he sought to rent a vehicle from Defendant. According to the FCRA, "any consumer reporting agency may furnish a consumer report under the following circumstances…to a person which it has reason to believe…intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to." 15 U.S.C. § 1681(b)(3)(A). Another permissible purpose of obtaining a credit report is for one who "otherwise has a legitimate business need for the information…in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681(b)(3)(F)(i).

2

In the present case, Defendant Avis Budget Group, Inc. requested a credit report from Equifax because Plaintiff wanted to rent a vehicle and intended on using a debit card. Because Plaintiff, an admitted consumer, initiated a business transaction with Defendant and because obtaining Plaintiff's credit information was a legitimate business need to make sure Plaintiff had sufficient funds and/or insurance to rent the vehicle, Defendant had a permissible purpose for obtaining a consumer report under the Fair Credit Reporting Act. 15 U.S.C. § 1681(b)(3)(F)(i). Furthermore, because Defendant Avis Budget Group, Inc. was required to extend insurance to Plaintiff under North Carolina's Financial Responsibility Act, Defendant needed a credit report before extending this type of insurance credit to Plaintiff. 15 U.S.C. § 1681(b)(3)(A).

Because Plaintiff has failed to allege with any specificity that Defendant was without a permissible purpose in obtaining Plaintiff's credit report, because Plaintiff's claim only amounts to an unreasonable conclusion, and because Defendant had multiple permissible purposes for obtaining the report, Plaintiff's claim fails to state a claim upon which relief can be granted.

### ii. Alleged Violation of Duties

Congress, recognizing abuses in the burgeoning credit reporting industry, originally "enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007); see also 7 Kenneth M. Lapine et al., *Banking Law* § 153.02, at 153-5 to -7(2009 ed.). The FCRA imposes obligations on CRAs and users of consumer information and provides for enforcement by various federal agencies. *See, e.g.*, 15 U.S.C. § 1681s. The act also expressly creates a private cause of action, enabling consumer suits for willful or negligent noncompliance with its requirements. *Id.* § 1681n-o. Even if Defendant Avis Budget Group, Inc. is a furnisher of information within the meaning of the FCRA, 15

U.S.C. § 1681s-2 (as alleged by Plaintiff), Plaintiff has failed to allege sufficient facts to demonstrate a violation of any duties.

Under § 1681s-2, furnishers may not provide inaccurate information to consumer reporting agencies, 15 U.S.C. § 1681s-2(a)(1), and also have specific duties in the event of a dispute over furnished information, *id.* § 1681s-2(b).

Section 1681s-2(a) prohibits any person from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *Id.* § 1681s-2(a)(1)(A). Congress expressly limited furnishers' liability under § 1681s-2(a) by prohibiting private suits for violations of that portion of the statute. *Id.* 1681s-2(c)(1).

Section 1681s-2(b), outlines a furnisher's duties when a consumer disputes the completeness or accuracy of information in their credit report. Under the FCRA, consumers generally notify CRAs of such disputes. *See id.* § 1681i(a)(1). Although a consumer may dispute credit information directly to a furnisher, the consumer has no private right of action if the furnisher does not reasonably investigate the consumer's claim after direct notification. In the present case, Plaintiff has not alleged that Defendant supplied any type of inaccurate statement to a credit reporting agency. Plaintiff only alleges that Defendant ran a credit report without a permissible purpose.

### iii. Alleged Punitive Damages

Plaintiff's claim for punitive damages should also be dismissed as it lacks factual averments sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent required to support a claim.

4

Under *N.C. Gen. Stat. § 1D-15(a)* (2005), punitive damages may be awarded only when a claimant proves that a defendant is liable for compensatory damages and that one of three "aggravating factors" -- fraud, malice, or willful or wanton conduct -- was both present and related to the injury for which compensatory damages were awarded. The North Carolina General Assembly has defined "malice" as "a sense of personal ill will toward the claimant that activated or incited the defendant to perform the act or undertake the conduct that resulted in harm to the claimant." *N.C. Gen. Stat. § 1D-5(5)* (2005). "Willful or wanton conduct," in turn, "means the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." *N.C. Gen. Stat. § 1D-5(7)* (2005). More specifically, it "means more than gross negligence." *Id.* The claimant must prove the existence of the aggravating factor by clear and convincing evidence. *Foster v. Crandell*, 181 N.C. App. 152, 638 S.E.2d 526 (2007). In the present case, even when Plaintiff's allegations are construed liberally, he still fails to show that Defendant Grimes acted willfully, maliciously or fraudulently in providing medical care.

For a punitive damages claim under federal law, the Supreme Court has held "that a jury may be permitted to assess punitive damages in an action under *42 U.S.C. § 1983* when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Like the North Carolina standard, the federal standard requires evil motive or intent or reckless indifference. Plaintiff has failed to allege that Defendant Avis Budget Group treated him with the requisite callous indifference or evil motive and his claim for punitive damages should be dismissed.

5

## III. Conclusion

Defendant Avis Budget Group respectfully submits that for the reasons set forth above, Defendant's Motion to Dismiss should be allowed.

This the 8th day of August, 2011.

/s/ MARY M. WEBB
Bar No: 19166
Attorney for Avis Budget Group, Inc.
mary.webb@mgclaw.com

OF COUNSEL:
MCANGUS, GOUDELOCK & COURIE, P.L.L.C.
Post Office Box 30516
Raleigh, North Carolina 27622
(919) 719-8200

**CERTIFICATE OF SERVICE**

I hereby certify that on 8/8/2011 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

hdknowlin@hotmail.com

/s/ MARY M. WEBB
Bar No: 19166
Attorney for Avis Budget Group, Inc.
McAngus Goudelock & Courie
Post Office Box 30516
Raleigh, North Carolina 27622
Phone: (919) 719-8200
Fax: (919) 510-9825
mary.webb@mgclaw.com