IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HASSIE-DEMOND NOWLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:11CV511 |
| | ) |
| AVIS BUDGET GROUP, | ) |
| | ) |
| Defendant. | ) |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the motion to dismiss filed by Defendant Avis Budget Group ("Avis") pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 10.) Plaintiff Nowlin, who is appearing pro se, was advised of his right to file a responsive brief. (Docket No. 12.) However, the time has now run, and Plaintiff has not responded. For the reasons that follow, Defendant's unopposed motion should be granted, and this action should be dismissed. *See* LR 7.3(k) (unopposed motion will be considered and decided as an uncontested motion, and will ordinarily be granted without further notice).

### FACTS, CLAIMS, AND PROCEDURAL HISTORY

This is an action filed pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*. (Docket No. 2, "Pl.'s Compl.") Plaintiff alleges in his complaint that Defendant Avis on two occasions "initiated a hard pull" of his credit report "without

permissible purpose." (*Id*. ¶¶ 8-9.) Plaintiff further alleges that the first "hard pull" "reduc[ed] his credit score." (*Id*. ¶ 8.) In Count I, Plaintiff claims that Defendant "willfully" violated 15 U.S.C. § 1681b(f) by obtaining his consumer report without a permissible purpose as defined in 15 U.S.C. § 1681b. (*Id*. ¶ 12.) Plaintiff makes a similar claim in Count II, the only difference being that Plaintiff claims that Defendant "negligently," rather than "willfully," violated section 1681b(f). (*Id*. ¶ 16.) Plaintiff seeks damages and other forms of relief pursuant to 15 U.S.C. § 1681n in Count I and pursuant to section 1681o in Count II.

Defendant argues that Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted because Plaintiff has failed to allege sufficient facts. (Docket No. 11 at 2.) Defendant also contends that it obtained Plaintiff's credit score for a permissible purpose because Plaintiff sought to rent a vehicle from it.[1] (*Id*.) Finally, Defendant argues that Plaintiff has failed to allege sufficient facts to entitle him to punitive damages. (*Id*. at 4-5.)

---

[1] Although the Court does not rely on this allegation at this stage of the case, the Court notes that Plaintiff has not contested that he sought to rent a vehicle from Defendant which resulted in the credit checks at issue.

# DISCUSSION

## A. Standard

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers only a "'formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

## B. Failure to plead facts

Plaintiff fails to allege sufficient facts with respect to liability to meet the Rule 12(b)(6) pleading standard set out in *Iqbal* and *Twombly*. (Pl.'s Compl.) Plaintiff offers only a "formulaic recitation of the elements" of a violation of the respective sections of the FCRA. He alleges only that Defendant Avis "initiated a hard pull" of his credit report without a permissible purpose which reduced his credit score. (*Id*. at 2.) These unadorned, conclusory facts are not sufficient to survive Defendant's motion. *See Iqbal*, 129 S.Ct. at 1949; *Chavez v. Premier Bankcard, LLC,* 2011 WL 4738323 (E.D. Cal. Oct. 6, 2011) (No. 1:11CV01101) (dismissing complaint alleging willful and negligent non-compliance with 15 U.S.C. § 1681(f) based upon allegation that defendant initiated soft pull of credit report without

permissible purpose because such conclusory facts fail to state a claim for relief). Accordingly, Defendant's motion should be granted.

C.   **Failure to plead damages**

Plaintiff bears the burden of establishing that he is entitled to damages. *Novak v. Experian Info. Solutions, Inc.*, 782 F. Supp. 2d 617, 623 (N.D. Ill. 2011). To satisfy the *Iqbal* pleading standard, Plaintiff must allege facts that plausibly suggest that he is entitled to damages. *Id*. Plaintiff alleges only that his credit score was reduced from the first "hard pull" of his credit report. (Pl.'s Compl. ¶ 8.) An alleged decrease in credit score is not sufficient to state a claim for damages. *See Novak*, 782 F. Supp. 2d at 623; *Young v. Harbor Mortor Works, Inc.*, 2009 WL 187793 (N.D. Ind. Jan. 27, 2009) (No. 2:07CV31 ) (dismissing FCRA claim in which plaintiff alleged that he suffered a decrease in credit score as a result of unauthorized request for credit report for failure to sufficiently allege damages). For this reason as well, Defendant's motion should be granted.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the motion to dismiss filed by Defendant Avis (Docket No. 10) be granted, and that this action be dismissed.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date:  December 22, 2011